**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ALAN DOERING                                                                                              PLAINTIFF
ADC # 106115

v.                                              5:13CV00265-JLH-JJV

E. SELVEY, Assistant Warden,
Cummins Unit; *et al.*                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Alan Doering ("Plaintiff") is an inmate of the Arkansas Department of Correction ("ADC"). He filed this action *pro se,* pursuant to 42 U.S.C. § 1983, alleging that Defendants were violating his First Amendment rights. Defendants have filed a Motion for Summary Judgment ("Motion") (Doc. No. 15) seeking dismissal of all claims against them. Plaintiff has filed a Response (Doc. No. 18). The Court therefore finds the Motion ripe for disposition.

### II. UNDISPUTED FACTS

Plaintiff was housed at the Cummins Unit of the ADC at the time he commenced this action (Doc. No. 16 ¶ 2). Plaintiff has sued Cummins Warden Gaylon Lay and Assistant Warden Eddie Selvey, as well as ADC Deputy Director Larry May as Defendants (*Id*. at 1-2). Plaintiff alleges Defendants have retaliated against him and violated his constitutional rights by denying him correspondence with his fiancé, a state inmate in Missouri (Doc. No. 2 at 4). For their part, Defendants point to the ADC's correspondence policy, specifically AR 806, which prohibits correspondence between incarcerated persons who are not immediate relatives (Doc. No. 16 ¶ 7).

The Court notes that Plaintiff is suing Defendants only in their official capacity and is

seeking only injunctive relief - namely to be able to correspond with his fiancé (Doc. No. 2 at 2, 5). Since filing this lawsuit, Plaintiff has been transferred to the Maximum Security Unit of the ADC in Tucker, Arkansas (Doc. No. 16 ¶ 6).

### III. SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986). When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

### IV. ANALYSIS

Defendants raise three arguments which they contend entitle them to summary judgment. They are that (1) Plaintiff's claims against Defendants Lay and Selvey are moot because he is no longer housed at the Cummins Unit of the ADC; (2) the policy at issue, AR 806, does not violate

the Constitution; (3) Plaintiff has failed to state a valid claim for retaliation.

Plaintiff responds that he has received numerous letters from his fiancé, both before and after filing the immediate suit. He further appears to argue that the goal of AR 806, to limit communication between non-related incarcerated persons in order to combat ongoing criminal activities, is undermined by his ability to converse with other inmates in person. Finally, he argues that the lawsuit must be addressed because AR 806 is still in effect at every ADC unit.

After careful review of the pleadings submitted by both parties, the Court concludes that Defendants are entitled to summary judgment for the reasons stated below.

### A.   Defendants Lay and Selvey

As noted above, Defendants Lay and Selvey are, respectively, the Warden and Assistant Warden of the ADC's Cummins Unit (Doc. No. 16 ¶ 3). Plaintiff was housed at the Cummins Unit at the commencement of this action, but he has since been transferred to the ADC's Maximum Security Unit (*Id.* at ¶ 6). Accordingly, Defendants argue that the injunctive relief Plaintiff seeks against Lay and Selvey is no long available. The Court agrees.

As Defendants correctly state, a pending claim for injunctive relief is rendered moot "when the challenged conduct ceases and there is no reasonable expectation that the wrong will be repeated." *Roubideaux v. North Dakota Dept. Of Corr. and Rehab.*, 570 F.3d 966, 976 (8th Cir. 2009). Further, the Court lacks jurisdiction in cases where "due to the passage of time or a change in circumstances, the issues presented will no longer be live or the parties will no longer have a legally cognizable interest in the outcome of the litigation." *Id.* At present, even if the Court were to rule against them, Defendants Lay and Selvey are no longer in a position to provide the injunctive relief requested by Plaintiff. It is undisputed that Plaintiff has been transferred to a unit of the ADC where Defendants Lay and Selvey have no authority over the correspondence he receives.

4

Additionally, there is no suggestion in any pleading that Plaintiff might be returned to the Cummins Unit. The Court therefore finds that Plaintiff's claims against Defendants Lay and Selvey are moot.

### B.     The Constitutionality of AR 806

Defendants argue that Plaintiff's claims against Defendant May should be dismissed because AR 806 is not unconstitutional. They begin by noting that the United States Court of Appeals for the Eighth Circuit has previously upheld a district court's finding that AR 806 was constitutional. *See Maxwell/G-Doffee v. Golden*, 490 Fed. Appx. 845 (8th Cir. 2012) (unpublished) (affirming *Maxwell/ G-Doffee v. Golden*, 2011 U.S. Dist. LEXIS 147659, 2-3 (E.D. Ark. 2011) as to constitutionality of correspondence policy, remanding on other grounds). The district court[1] in *Maxwell/G-Doffee* examined AR 806 through the lens provided by the United States Supreme Court in *Turner v. Safley*. 482 U.S. 78, 93 (U.S. 1987).  The Court, for the reasons stated below, finds the analysis of AR 806 in *Maxwell/G-Doffee* convincing and reaches the same conclusion as to its constitutionality.

In *Turner v. Safley*, the United States Supreme Court upheld the constitutionality of a similar regulation of the Missouri Division of Corrections which limited correspondence between inmates to immediate family members who were also incarcerated and correspondence concerning legal matters. 482 U.S. 78, 93 (U.S. 1987). In so doing, the Court examined four factors: (1) whether a valid, rational connection exists between the prison policy and a legitimate governmental interest, (2) whether alternative means of exercising the right remain open to inmates, (3) whether alternatives are available to accommodate the constitutional right at de minimis costs, and (4) whether accommodation of the right will negatively affect guards, inmates, or prison resources. *Id*.

---

[1] United States District Judge J. Leon Holmes adopted the recommended disposition of United States Magistrate Judge Jerome T. Kearney.

at 89-90. Specifically, the Court found that the Missouri prohibition was logically connected to security concerns and that it did not deprive inmates of all means of expression. *Id*. at 91-92. The Court also concluded that no easy alternatives to the policy existed and that accommodation of the right would come at the cost of making the prison environs less safe for guards and other inmates. *Id.* at 92-93.

An examination of the present policy reveals a substantial similarity to the Missouri policy upheld in *Turner*. Defendant Lay states the present policy relates to a legitimate penological interest, namely the combating of ongoing criminal activities, smuggling, and gang coordination (Doc. No. 17-4 ¶ 11). Moreover, the Court finds that ADC inmates retain other correspondence rights, that no easy alternatives are available, and that accommodation of Plaintiff's right could negatively affect guards, inmates, and prison resources by compromising their safety.

Plaintiff argues against the policy based on several grounds. The first is that he received other letters from his fiancé before and after filing this action. If true, however, this allegation reveals only a practical failing of the policy's implementation rather than a constitutional flaw. That some letters were not appropriately screened and inadvertently reached Plaintiff is not evidence of the policy's unconstitutionality.

Next, Plaintiff argues that the policy serves no purpose because he can easily converse with other inmates in person. The policy, however, is not intended to prevent inmates at the same unit from conversing. Rather, it aims to combat coordination toward criminal activity by inmates at different prisons. The Court therefore concludes that it serves a legitimate penological purpose.

Lastly, Plaintiff argues that summary judgment is inappropriate because the policy remains in effect at every ADC unit and therefore "needs to be answered" (Doc. No. 18 ¶ 6). But Plaintiff has no standing to seek injunctive relief on behalf of other inmates. *See Meis v. Gunter*, 906 F.2d

364, 366-68 (8th Cir. 1990). Accordingly, the fact that the policy affects other units and other inmates is irrelevant to the disposition of the current Motion.

The Court finds that Plaintiff has failed to state a valid claim for the violation of his First Amendment rights against Defendant May. By extension, Plaintiff has also failed to state valid First Amendment claims against Defendants Lay and Selvey. Although Plaintiff's claims against these defendants are already moot, both Lay and Selvey were merely following the constitutionally permissible policy laid out in AR 806. The Court therefore concludes that Plaintiffs' First Amendment claims against all Defendants should be dismissed with prejudice.

### C. Plaintiff's Retaliation Claims

In his Complaint, Plaintiff alleges he was denied correspondence with his fiancé by Defendants as retaliation for filing previous lawsuits. Defendants argue that Plaintiff's retaliation claims should be dismissed because they are conclusory and unsupported. It is well settled that an inmate claiming retaliation is faced with the substantial burden of proving that the actual motivating factor for the adverse action was as alleged. *Sisneros v. Nix,* 95 F.3d 749, 752 (8th Cir. 1996). Moreover, allegations of retaliation must be more than speculative and conclusory. *Atkinson v. Bohn*, 9 F.3d 1127, 1129 (8th Cir. 1996). Nothing in Plaintiff's Complaint serves to push his allegations of retaliation beyond the speculative. Instead, he simply alleges, without factual context or supporting allegations, that he is being retaliated against for filing previous lawsuits (Doc. No. 2 at 4). If Plaintiff has facts to support his allegation, he should present those to the presiding district judge for consideration. But, based on the pleadings presently before the Court, Plaintiff's claims of retaliation against Defendants should be dismissed with prejudice.

### V. CONCLUSION

In light of the foregoing, the Court finds that dismissal of Plaintiff's claims against

Defendants is appropriate. The Court declines, however, as Defendants urge, to count the dismissal of these claims as a 'strike' within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

IT IS, THEREFORE, RECOMMENDED THAT:

1. Defendants' Motion for Summary Judgment (Doc. No. 15) be GRANTED;

2. Plaintiff's claims against Defendants Lay, May, and Selvey be dismissed with prejudice;

3. The Court should certify that, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 4th day of June, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.